UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

24-cr-10304-WGY-1

***************************************
*
United States vs. Steven Ware * JUDGE'S FINDINGS
*
***************************************

BEFORE: Honorable Judge William G. Young

Richard H. Romanow
Official Court Reporter
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

Wednesday, January 14, 2026

THE COURT: Mr. Steven Ware, pursuant to 18 United States Code, Section 3553(a), the information from the United States Attorney, your attorney, the probation officer, and yourself, this Court sentences you, on Count 1, to 16 months in the custody of the United States Attorney General, and on Counts 2 and 3, to a consecutive sentence, concurrent as between Counts 2 and 3, of an additional 24 months, for a total of 40 months. Thereafter the Court sentences you to 3 years of supervised release with all the general and special conditions of supervised release set forth in the presentence report. The Court imposes no fine due to your inability to pay a fine. The Court imposes a $300 special assessment, $100 as is required on each count.

I need a little help as to restitution. It's apparently established, but it should, I would think, be joint and several with the other co-conspirator, although I don't know who that is.

MR. KOSTO: I think the Court could impose the sentence requiring that it be -- the restitution be payable joint and severally with other charged co-conspirators and leave it at that.

THE COURT: That would be sufficient, because I'm not adjudicating the guilt of anyone else who's not a party.

MR. KOSTO: If there are co-conspirators with respect to the amount on that particular treasury check and the restitution obligations that flow from it, the government would advise the Court and the probation office, in connection with the sentencing of that individual, that the restitution obligation should run jointly and several with Mr. Ware's.

THE COURT: Thank you. That's helpful.

The Court does impose restitution of $322,436.28 on Mr. Ware joint and several with any other co-conspirator convicted of the bank fraud as to this particular treasury check.

Will that language suit?

MR. KOSTO: Yes, if the Court made specific reference in the judgment to the bank fraud described in Count 1, I think that would do it.

THE COURT: Well that may be referenced, to the bank fraud described. I think that's fair to Mr. Ware.

And defense counsel agrees?

MS. OPPERMAN: I agree that it should be imposed.

THE COURT: Mr. Ware, this was all negotiated, and heard the lawyers speak, and based on what they said and reading all the materials, I accept it. But by accepting it, it become my sentence, I'm responsible for it. So let me say just a couple of things.

I listen very carefully to the allocutions, what a person says when they have a chance to speak, if they say anything at all. It doesn't count against them if they don't speak. And I've never made a sentence more severe based upon what someone says. Here I want you to know I believe what you've said.

I believe that had you not been enmeshed in the very severe drug habit, um, I believe you when you say that you would not have committed this crime -- these crimes. You acknowledge that you have. The fact that you're on drugs doesn't excuse you. I'm so sorry for the loss of your son, please know that.

Having said that, I went for this because this is a just and a fair sentence. Your lawyer has Done a very good job for you. I'm glad to hear you say that, she has. But at the same time the government prosecutors have been very sensitive here. If we look at this data about what happens to other people and the like, you get pretty much fairly what someone gets in the United States for committing these crimes. They are not without victims. The victim is not only the United States whose money was improperly diverted, it obviously is the person in the company who should have gotten that money. It is a fair and a just sentence.

Now I always say this, even though everything is

agreed, because this is the truth. You do have the right to appeal from any findings or rulings the Court has made against you. Should you appeal and should your appeal be successful in whole or in part and the case remanded, you'll be resentenced before another judge. Ms. Opperman, if an appeal is decided upon, though I can't see why, but that's not a normative statement, seek the transcript from this session of the court, I'll turn it around right away.

Do you understand?

MS. OPPERMAN: Yes, your Honor.

THE COURT: Oh, I did not -- he will have credit towards the service of this sentence -- let's be specific as to that.

MR. KOSTO: If I could be of assistance, your Honor?

THE COURT: Yes. I'm looking at Page 2 of the presentence report.

MR. KOSTO: Yes. It would be his time in federal custody from the 10th of September 2024 to the 12th of September 2024, and from June 26th, 2025, when he came back to federal custody, to the date of sentencing today.

THE COURT: I follow. From the 10th of September 2024 through the 12th of September 2024, and he was

released, went back into custody on the 6th -- on June 26th, 2025 until today's date. He shall have credit against the sentence just imposed for those days in custody. That's the sentence. We'll recess.

(Ends, 3:10 p.m.)